**Leroy BUHL, Petitioner–Appellant,**

v.

**D. BERKEBILE, Warden,
Respondent–Appellee.**

No. 13–1420.

United States Court of Appeals,
Tenth Circuit.

May 21, 2014.

Leroy Buhl, Florence, CO, pro se.

Michael Conrad Johnson, Office of the
United States Attorney, Denver, CO, for
Respondent–Appellee.

Before KELLY, ANDERSON, and
BACHARACH, Circuit Judges.*

**ORDER AND JUDGMENT** **

PAUL J. KELLY, JR., Circuit Judge.

Petitioner–Appellant Leroy Buhl, a fed-
eral inmate appearing pro se, appeals from
a final judgment denying his application
for writ of habeas corpus pursuant to 28
U.S.C. § 2241. R. 148. We dismiss the
appeal as moot.

Mr. Buhl filed his application with the
district court alleging constitutional viola-
tions stemming from a prison disciplinary
conviction issued on February 8, 2013. R.
5–9, 10–18, 111–14. He sought to have
the incident report expunged from his rec-

ord. R. 9. The district court denied the
application on September 24, 2013. R.
148–49. Ordinarily we would have juris-
diction to hear Mr. Buhl's appeal under 28
U.S.C. § 1291; but on April 17, 2013, the
Regional Director reviewing Mr. Buhl's
administrative appeal discovered a "proce-
dural error" in the disciplinary conviction,
and remanded the matter for reconsidera-
tion by the disciplinary officer. R. 130.
The disciplinary officer issued a new order
(finding Mr. Buhl guilty of the same in-
fraction and sanctioning him in the same
way as the first order) on January 2, 2014.
Aplee. Br. Att. A 1–7. Mr. Buhl filed the
appropriate administrative appeal of that
decision on January 21, 2014. Aplee. Br.
Att. A. 18.[1]

Because the disciplinary order forming
the subject matter of Mr. Buhl's habeas
application has been superseded, his ap-
peal is moot, and we are without Article
III jurisdiction to adjudicate it. *See
Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct.
978, 140 L.Ed.2d 43 (1998); *Craft v. Jones,*
473 Fed.Appx. 843, 845–46 (10th Cir.2012)
(unpublished) (claims based on disciplinary
conviction mooted when prison officials set
aside the conviction and ordered a new
hearing); *Smallwood v. Scibana,* 227 Fed.
Appx. 747, 749 (10th Cir.2007) (unpub-
lished) (claims based on procedural errors
in disciplinary hearing mooted when new
hearing was granted).[2] When Mr. Buhl
exhausts the available administrative rem-

---

* After examining the briefs and the appellate
record, this three-judge panel has determined
unanimously that oral argument would not be
of material assistance in the determination of
this appeal. *See* Fed. R.App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore or-
dered submitted without oral argument.

** This order and judgment is not binding prec-
edent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.
It may be cited, however, for its persuasive

value consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

1. The Regional Director's response to the new
appeal was due March 22, 2014. Aplee. Br. 8
n. 4; Att. A. 19. The parties have not in-
formed us of the decision, but it is immaterial
to the disposition here.

2. We cite these unpublished dispositions for
their persuasive value only. Fed. R.App. P.
32.1; 10th Cir. R. 32.1.

edies as to the new disciplinary order, he may file a new application for habeas relief if he so chooses. *See Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir.2010).

The appeal is DISMISSED as moot. Mr. Buhl's motion for leave to proceed in forma pauperis is DENIED.